# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                   No. CR 10-3233 JB

JOHANNA CHAVEZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed May 16, 2012 (Doc. 18)("Sentencing Memorandum"). The Court held a sentencing hearing on May 22, 2012. The primary issue is whether the Court should sentence Defendant Johanna Chavez to a period of probation, including placement at a halfway house for a term of months. The Court will grant in part and deny in part the requests in the Sentencing Memorandum. The Court will sentence Chavez to 120-days imprisonment and three-years supervised release, with one of the conditions being four months at a residential re-entry center.

On March 8, 2012, Chavez pled guilty to Count 9 of the Indictment, filed December 1, 2010 (Doc. 2), charging a violation of 18 U.S.C. § 1708, that being Possession of Stolen Mail. See Plea Agreement ¶ 3, at 2, filed March 8, 2012 (Doc. 15). In the Plea Agreement, Chavez waived her right to appeal her conviction and any conviction or fine within or below the applicable guideline range. See Plea Agreement ¶ 13, at 7. The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Chavez on May 8, 2012. The USPO calculates a base offense level of 6, pursuant to U.S.S.G. § 2B1.1. See PSR ¶ 22, at 5. The USPO then applies a 2-

level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.  See PSR ¶ 29.  The PSR calculates a total offense level of 4.  See PSR ¶ 30, at 6.  The USPO calculates that Chavez has a criminal history category of VI, based on 15 criminal history points.  See PSR ¶ 44, at 12.  A total offense level of 4 and a criminal history category of VI establish a guideline imprisonment range of 6 to 12 months.  See PSR ¶ 88, at 20.  The USPO notes that, because the applicable guideline range is in Zone B of the Sentencing Table, the Court may impose probation with a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention, pursuant to U.S.S.G. § 5C1.1(c).  See PSR ¶ 94, at 21; U.S.S.G. § 5C1.1(c)(3) ("If the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by . . . a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment . . . .").  Chavez requests that the Court place her "on a suitable period of probation, with all conditions deemed appropriate by the Court, including placement at a halfway house for a term of months to commence the probation."  Sentencing Memorandum at 1.  She asserts that Plaintiff United States of America does not oppose a non-custodial sentence. See Sentencing Memorandum at 6.  In the United States' Response to Defendant's Sentencing Motion (Doc. 18), filed May 18, 2012 (Doc. 19)("Response"), the United States represents that it does not object to Chavez' requested sentence, but asks that the Court place Chavez on three-years probation with an initial six-months of community confinement.  See Response at 1.

The Court held a sentencing hearing on May 22, 2012.  At the hearing, the Court noted that, because Chavez has served 110 days in custody, and that, in such conditions, the Court would normally sentence her to incarceration, or  time served, and to supervised release, rather than to

probation.  See Transcript of Hearing at 5:24-6:4 (May 22, 2012)(Court)("Tr.").[1]  Chavez stated that she had no problem with supervised release rather than probation.  See Tr. at 6:5-7 (Court, Gonzales).  The Court noted that there are not any beds currently available at a halfway house and suggested that the Court should sentence Chavez to 120-days imprisonment to give time -- ten days -- for a bed to open up.  See Tr. at 6:8-14 (Court).  Chavez stated that she had no objection to the Court's suggestion.  See Tr. at 6:17-18 (Gonzalez).  The United States asserted that it had no objection to the Court's proposal.  See Tr. at 9:14-17 (Higgins).  The United States argued, however, that Chavez should be subject to a period of three-years supervised release, despite being subject to a period of two-years of parole and five-years of probation for state offenses, because the goal is to ensure that Chavez moves forward with her life and the federal system can help her do that. See Tr. at 10:2-14 (Higgins).

For reasons stated on the record and for the reasons stated below, the Court will sentence Chavez to 120-days imprisonment and three-years supervised release, with four months community confinement in a halfway house.  The Court has reviewed the PSR's factual findings with care, and, there not being any objections to them, the Court will adopt them as its own.  The Court has also reviewed the PSR's guideline applications and will adopt them as its own as well.  The Court has considered the factors set forth in 18 U.S.C. § 3553(a).  Chavez has an offense level of 4 and a criminal history category of VI, establishing a guideline imprisonment range of 6 to 12 months.

The Court notes that Chavez illegally obtained 53 pieces of mail from a residential area in Albuquerque, New Mexico.  The Court has considered the guidelines, but in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals.  Specifically, the Court

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After reviewing the circumstances of this case, the Court concludes that the punishment set forth in the guidelines is appropriate for this sort of offense. Under U.S.S.G. § 5C1.1(c), if the applicable guideline range is in Zone B of the Sentencing Table, which this one is, see PSR 94, at 21, "a sentence of imprisonment that includes a term of supervised release that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment," U.S.S.G. § 5C1.1(c)(2). The Court believes that a sentence of 120 days with three years of supervised release, including a period of four months in a halfway house, is adequate to reflect the seriousness of this offense and to promote respect for the law. The Court believes that it provides a more just punishment, because of what the Court will do on supervised release and because of the Court's efforts to get Chavez into a halfway house as soon as possible. The Court believes that such a sentence affords adequate deterrence at a specific and general level, and that this sentence is protects the public. Although the Court is concerned about avoiding sentencing disparities between defendants with similar records who have been found guilty of similar crimes, the Court believes that there are reasons to move Chavez to supervised release as soon as possible.

Chavez finished serving her term of imprisonment on the state offenses on February 3, 2012. See PSR ¶ 15, at 4. She has four children. See PSR ¶¶ 61-65, at 15-16. The Court received several letters from correctional personnel who worked with Chavez during her state incarceration, and Chavez' efforts while in state custody give the Court a reason to be optimistic. See Sentencing Memorandum ¶ 4, at 2. While incarcerated, Chavez obtained her G.E.D., involved herself in therapy, and took several academic and vocational classes. See PSR ¶¶ 80-82, at 18-19; Sentencing Memorandum ¶ 8, at 4-5. Chavez' efforts to improve her life and rehabilitate lead the Court to

believe that a longer term of imprisonment would not be appropriate and that Chavez should, after easing back into the community through a residential re-entry program, be able to get back to her life and family.  Chavez will have served approximately 3-months incarceration on the federal offense and, under U.S.S.G. § 5C1.1(c)(2), the Court will substitute 4 months in a halfway house on supervised release for 4-months imprisonment.  Together the 7 months that Chavez will spend in prison and at the halfway house represent a sentence at the low end of the guideline range -- 6 to 12 months.  Because the Court ordinarily sentences at the low end of the guidelines, absent aggravating circumstances, the Court believes that this sentence is appropriate and takes into account both Chavez' recent rehabilitative efforts and her serious criminal history.  The Court will also impose certain conditions on supervised release that will provide Chavez with some needed education, training, and care to avoid these problems occurring again.

The Court concludes that a total sentence of 120-days imprisonment with three years of supervised release, including four months in a halfway house, fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable.  And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Chavez to a 120-days imprisonment and three-years of supervised release --

which includes, as a condition of supervised release, four months at a halfway house.

**IT IS ORDERED** that the request in the Defendant's Sentencing Memorandum, filed May 16, 2012 (Doc. 18), is granted in part and denied in part.  The Court sentences Defendant Johanna Chavez to 120-days imprisonment and three years of supervised release, including, as a condition of supervised release, four months at a halfway house.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
    United States Attorney
Mary L. Higgins
    Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Benjamin A. Gonzales
    Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

    *Attorney for the Defendant*

-6-